## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ADAM FREEMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  07-2102 KHV |
| | ) | |
| **BNSF RAILWAY COMPANY,** | ) | **WITH JURY DEMAND** |
| (Serve Registered Agent: | ) | |
| The Corporation Company, Inc. | ) | |
| 515 S. Kansas Ave | ) | |
| Topeka, KS  66603), | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Adam Freeman (Plaintiff) states the following as his causes of action against Defendant BNSF Railway Company.

### JURISDICTION AND VENUE

1.      Plaintiff is an individual who resides in Leavenworth, Kansas.

2.      Defendant BNSF Railway Company is a corporation organized under the laws of the State of Delaware which transacts business in the State of Kansas.

3.      Plaintiff asserts these claims pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

4.      Venue is proper because Defendant resides in the United States District Court for the District of Kansas within the meaning of 28 U.S.C. § 1391 (b) and (c) and because the discriminatory actions occurred in the state of Kansas.

5.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment

Opportunity Commission alleging that Defendant engaged in the discriminatory actions that are being raised in this lawsuit, or alternatively, the allegations of Plaintiff's lawsuit would have arisen from the investigation of Plaintiff's Charge of Discrimination.

6.     Right-to-sue letters have been issued from the Equal Employment Opportunity Commission and from the Missouri Commission on Human Rights and this action is being brought within ninety (90) days from the issuance of such right-to-sue letters.

7.     Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures in accordance with the law prior to instituting this lawsuit.

8.     Plaintiff is a diabetic and had a liver transplant and suffers from a disability, was perceived as suffering from a disability, and has a record of a disability, all within the meaning of the ADA and its accompanying regulations.  Plaintiff had, presently has, and was perceived and/or regarded to have a physical impairment which substantially limits one or more of life's major life activities.

9.     Plaintiff, while in Leavenworth, Kansas, applied for a position as a Conductor in February 2004.

10.     Plaintiff was able to perform the essential functions of the Conductor position with reasonable accommodation or without any accommodation.

11.     Defendant offered a position to Plaintiff as a Conductor, contingent upon Plaintiff passing the Conductor test and physical examination.  Plaintiff passed both requirements.

12.     In April 2004, Defendant refused to employ Plaintiff claiming that Plaintiff was "not medically qualified for train service position due to significant risks associated with his diabetes,

namely neuropathy and retinopathy."

13.     Defendant did not hire Plaintiff because of his disability, his perceived disability, and/or his record of disability and instead hired other non-disabled individuals.

14.     Defendant's employees and management were acting within the course and scope of their employment at all relevant times herein.

15.     As a direct result of the discriminatory and unlawful acts of Defendant, Plaintiff has been caused to suffer and sustain damages, including, but not limited to, loss of past and future wages and benefits, emotional distress, humiliation and suffering, mental anguish, a detrimental employment record, and other non-pecuniary losses.

16.     The conduct of Defendant, through its employees and agents, was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

17.     Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant for actual damages, compensatory damages, and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, reinstatement, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Complaint that are triable before a jury.

3

## <u>DESIGNATION FOR PLACE OF TRIAL</u>

Plaintiff designates Kansas City, Kansas as the place of trial.

**BRATCHER GOCKEL & KINGSTON, L. C.**

By _____/s/Lynne Jaben Bratcher_____
        Lynne Jaben Bratcher, Ks. Fed Bar No.: 70502
        Marie L. Gockel, Ks. Bar No.:  12591
        Kristi L. Kingston, Ks. Bar No.:  19126
        1935 City Center Square
        1100 Main Street
        P.O. Box 26156
        Kansas City, MO  64196-6156
        Telephone:   (816) 221-1614
        Facsimile:   (816) 421-5910

**ATTORNEYS FOR PLAINTIFF**

4